ARMY POST BUS LINES et al. v. RAIL-
ROAD COMMISSION et al.

No. 9206.

Court of Civil Appeals of Texas. Austin.
Jan. 14, 1942.

Rehearing Denied Feb. 18, 1942.

T. S. Christopher, of Fort Worth, Looney & Clark and Marion Fowler, all of Austin, and Hugh Q. Buck (of Wood, Gresham, McCorquodale & Martin), of Houston, for appellant.

Gerald C. Mann, Atty. Gen., Glenn R. Lewis and Geo. W. Barcus, Asst. Attys. Gen., for appellee Railroad Commission of Texas.

Henry Brooks, of Austin, and Callaway & Reed, of Dallas, for appellees Bowen Motor Coaches, J. S. Folkner and Manie D. Folkner.

BLAIR, Justice.

This litigation arose as follows: On September 7, 1940, Army Post Bus Lines, by a trustee for a corporation to be formed under that name, applied to the Commission for a permit to operate a motor bus transportation service from Brownwood to Camp Bowie, a United States Army Post which was then under construction about one mile from the city limits of Brownwood. Applicant requested that a temporary certificate be issued pending notice and hearing of the public convenience and necessity for a permanent certificate thereby applied for. On September 24, 1940, the Commission granted a temporary certificate to operate not exceeding three motor busses. The hearing on the application for permanent authority to operate was then set for November 12, 1940, in Austin. Meantime, other applications for permits to operate motor bus service between Brownwood and Camp Bowie had been filed. One application was by a group of Brownwood citizens under the name of Brownwood Camp Transportation Company, and the other by Bowen Motor Coaches, a motor bus corporation which operated some 3,000 miles of motor bus lines in Texas, two of which entered Brownwood from different directions. In addition, J. S. Folkner and his wife who had owned and operated Permit No. 202 under the name of Brownwood-Brady Bus Lines for a number of years between Brownwood and Brady over Highway 283, which passed immediately by the main entrance of Camp Bowie, filed a written protest against the issuance of a certificate to Army Post Bus Lines. The hearing was held on November 12, 1940, at which evi-

dence was offered by the Army Post Bus Lines in support of its application for a permanent certificate. On the following day, November 13, 1940, Folkner filed an application to operate additional schedules under Certificate No. 202 from Brownwood to Camp Bowie, and also filed an application to lease to Bowen Motor Coaches Certificate No. 202, which contract of lease was dated November 8, 1940. On the same day, November 13, 1940, the Commission granted the authority to lease Certificate 202 to Bowen Motor Coaches, and thereafter, on November 16, 1940, the Commission granted the application of Folkner to operate additional schedules under Certificate 202, and Bowen Motor Coaches immediately began the operation of such additional schedules as well as operations between Brownwood and Brady under said certificate. Subsequently, on November 19, 1940, J. S. Folkner, Bowen Motor Coaches, and Brownwood Camp Transportation Company petitioned and moved the Commission that the application of Army Post Bus Lines be reopened for further hearing, which motion was granted on November 25, 1940, and the application of Army Post Bus Lines was reopened and set for further hearing at Brownwood on December 6, 1940. The Commission also set for hearing at the same time and place the application of Bowen Motor Coaches and Brownwood Camp Transportation Company. At the December 6, 1940, hearing, counsel representing the Army Post Bus Lines offered in evidence the transcripts of the testimony adduced at the November 12, 1940, hearing, and stated that they did not desire to put any further testimony in the record unless protestants insisted upon their doing so. Additional testimony was thereupon put into the record by Bowen Motor Coaches, it being agreed that all testimony introduced on previous hearings of Army Post Bus Lines should be considered as having been introduced on the application of Bowen Motor Coaches; and voluminous evidence as to the ability of Bowen Motor Coaches to operate the additional schedules which might become necessary under Certificate No. 202 was offered in evidence at the December 6, 1940, hearing. This evidence was also applicable to the independent application of Bowen Motor Coaches, but no order was made on either the application of Bowen Motor Coaches or on the application of Brownwood Camp Transportation Company, and they are still pending.

Acting on the November 12 and December 6, 1940, hearings, the Railroad Commission on December 26, 1940, entered its order canceling the temporary certificate theretofore issued to Army Post Bus Lines, and denied a permanent certificate to Army Post Bus Lines to operate between Brownwood and Camp Bowie; which order is hereto attached as an appendix, and a motion for rehearing thereon was overruled on January 25, 1941.

Army Post Bus Lines appealed to the District Court to set aside the order of December 26, 1940, canceling its temporary certificate and denying it a permanent certificate to operate between Brownwood and Camp Bowie; to cancel the order of January 25, 1941, overruling the motion for a rehearing of the order of December 26, 1940; to cancel the order of November 13, 1940, approving the lease by Folkner to Bowen Motor Coaches of Certificate No. 202; and to cancel the order of November 16, 1940, granting Folkner authority to operate 24-hour schedules under Certificate No. 202 between Brownwood and Camp Bowie. The Bowen Motor Coaches and the Folkners intervened in this proceeding in the District Court.

The trial to the court without a jury resulted in a judgment or judgments canceling the orders of December 26, 1940, and January 25, 1941; but limited the operations of Army Post Bus Lines to three motor busses; and perpetually enjoined the Commission from interfering with such operations. The trial court sustained the orders of November 13 and November 16, 1940, relating to the lease and additional operations under Certificate No. 202.

■ The trial court set aside the orders of December 26, 1940, relating to the cancellation of the temporary certificate and the denial of a permanent certificate to Army Post Bus Lines to operate motor bus services between Brownwood and Camp Bowie, and the order of January 25, 1941, overruling the motion for rehearing on said order, upon the grounds that each of said orders was "not supported by the evidence heard by the Railroad Commission, and is arbitrary, unreasonable and void." This conclusion of the trial court cannot be sustained, because the evidence before the Commission was fully sufficient to support its orders. It is as follows:

The Army Post Bus Lines obtained only a temporary certificate to operate not exceeding three motor busses between Brown-

wood and the nearby Camp Bowie, under the provisions of the last paragraph of Sec. 7, Art. 911a, Vernon's Texas Civil Statutes. This temporary certificate was taken subject to the later action of the Commission to grant a permanent certificate, if necessary, and taken subject to the terms of the last paragraph of Sec. 5 of said Art. 911a, which provides "that any right, privilege, permit or certificate held, owned or obtained by any Motor Bus Company under the provisions of this Act * * * shall be taken and held subject to the right of the State at any time to limit, restrict or forbid the use of the Streets and Highways of this State to any owner or holder of such right, privilege, permit or certificate."

When the temporary certificate was granted work had just begun on Camp Bowie and there was an immediate necessity to transport daily a large number of laborers from Brownwood to the camp site. As this traffic increased with the enlargement and extension of the camp site number plates were issued for a total of eight busses to be used in this temporary service, and others were used without receiving number plates from the Commission. When the army camp was completed or nearly completed, a different situation arose and a different service was needed. Laborers were no longer need to be transported, but instead thousands of soldiers and others coming to Camp Bowie from everywhere needed not only transportation to Brownwood, but on to Camp Bowie, and the additional transportation was needed to take soldiers to and from Camp Bowie and Brownwood during their training period. On the hearing of December 6, 1940, the completion or near completion of Camp Bowie was shown, and that from 30,000 to 50,000 soldiers were to be immediately placed in the camp for training. Army Post Bus Lines could not perform this service with its equipment, but purposed to buy such equipment as was necessary. It was manned by inexperienced men except one. On the other hand, Bowen Motor Coaches showed that they had been for a number of years operating motor busses between different points in Texas over approximately 3,000 miles of highway; two of which lines operated by them entered the City of Brownwood from two directions. Testimony was offered before the Commission showing the advantages of a single operation out of Camp Bowie to other points in Texas, including the larger towns in Texas, such as Amarillo, Wichita Falls, San Angelo, Dallas, Fort Worth, San Antonio, Houston, Corpus Christi, and others. The testimony also showed that Bowen Motor Coaches would be able to give a better service than the Army Post Bus Lines, who had no other operations except from the City of Brownwood to Camp Bowie. This better service would be effected by interchanges between the Bowen Motor Coaches that operated throughout large sections of Texas with other motor companies which operated in other areas of Texas, and particularly interchanges at Brownwood could be avoided altogether by transportation directly to Camp Bowie. Both the Mayor and the Chief of Police of the City of Brownwood testified to the preferable service that could be rendered by Bowen Motor Coaches, and that better machinery for operation could be set up by them at Brownwood and at the Camp, such as agents, officers, and terminals, which would enable Bowen to perform a more satisfactory all around service from Camp Bowie to points around Brownwood than could be performed by appellant through an interchange with Bowen or others at Brownwood. Traffic conditions involving the influx of large numbers of soldiers and others over the streets of Brownwood were testified to by the Mayor and Chief of Police and other witnesses, which showed that the coordinated service proposed to be rendered by Bowen Motor Coaches would be better than having competing lines such as the Army Post Bus Lines furnishes in that local area only.

It should also be noted that the Commission took into consideration the transfer of the certificate of Folkner to Bowen Motor Coaches, which already had authority to render service along the highway passing immediately by Camp Bowie. It was also shown that Bowen Motor Coaches were experienced in the handling of mass transportation and had equipment over the State which could be placed at any point such as Brownwood for the handling of mass transportation. And that in the practical operation of busses it was shown that the conduct of two such highly competitive services under conditions obtaining in this case would result in operating practices on the part of the two companies that would be dangerous to the public safety and would add additional traffic hazards throughout the City and Camp area. There was also testimony that the operation of the two

competing systems would be more hazardous to the general public in the use of the streets and roads for their own transportation.

The evidence detailed supports the fact findings recited in the appended quoted order of the Commission and constitutes substantial evidence supporting the order canceling the temporary certificate and denying a permanent certificate to Army Post Bus Lines to operate between Brownwood and Camp Bowie.

Art. 911a of the Texas statutes places the exclusive power in the Commission to determine who is best fitted to render motor bus transportation over the highways of this State, and its orders granting or denying certificates therefor cannot be set aside by the courts if based upon substantial evidence. This question is so well settled that citation of authorities is unnecessary.

Our above holding that the Commission had authority to cancel the temporary certificate and deny the permanent certificate renders unnecessary a decision on the question raised by the Army Post Bus Lines of the authority and power of the trial court to limit its service to three busses daily. Manifestly, the trial court had no such authority, because such matters are placed exclusively in the power and jurisdiction of the Commission.

Appellant Army Post Bus Lines also contends that the order of November 13, 1940, approving the lease of Certificate No. 202 to Bowen Motor Coaches; and the order of November 16, 1940, authorizing additional schedules under said certificate between Brownwood and Camp Bowie, were invalid because no notice was given to said appellant, a competitor, of the hearings thereon; and because the Commissioners who made the orders acted as individuals and not at any duly called or scheduled meeting of the Commission. If this appellant were entitled to such notice, upon which question we do not pass, it waived notice as to the order of November 13, 1940, under the supported findings of the trial court. Said appellant never at any time protested these two orders nor filed any motion for a rehearing thereon. These complaints are also immaterial, because these orders were before the Commission on the hearing of the application of Army Post Bus Lines for the permanent certificate, and in sustaining the protest thereof the Commission took them into consideration, expressly approved and confirmed them, and made them and the operations thereunder a basis for the refusal of the permanent certificate, as shown by its appended quoted order of December 26, 1940, which order was signed by all three Commissioners acting as and for the Commission. If there were errors, which we do not pass upon, as to notice or formality of approval of the former orders of the Commission, they were cured by the subsequent order which expressly recognized and approved them and everything that had been done under the former orders.

The judgment sustaining the validity of the November 13 and 16, 1940, orders is affirmed. The judgment declaring the orders of December 26, 1940, and January 25, 1941, invalid, and granting the perpetual injunction is reversed, and judgment is here rendered declaring said orders to be valid and dissolving the injunction.

Affirmed in part and in part reversed and rendered.

## APPENDIX

Omitting Caption the December 26, 1940, order reads:

"On Dec. 26, 1940, the Railroad Commission of Texas took up for consideration the above styled and numbered application which was filed on September ——, 1940, and after due and legal notice of the time and place of hearing having been given to the applicant, to all interested parties and to the public generally, was heard at the State Capitol in Austin, Texas, on November 12, 1940, and was further heard at Brownwood, Texas, on December 6, 1940.

"The Commission finds from the evidence that the applicant proposed the operation of a motor bus service from the city of Brownwood to the army camp located just out of Brownwood on U. S. Highway 283. The Commission finds from the evidence that the United States has designated Camp Bowie as a training place for the National Guard and soldiers under the Draft Act [50 U.S.C.A. Appendix, § 301 et seq.], and that there will be from twenty-five to fifty thousand soldiers located at this camp which is only few minutes from the city of Brownwood; the Commission further finds from the evidence and from its records that on the 20th day of September, 1940, it granted a temporary certificate to the applicant to operate a motor carrier service

between Brownwood and the camp over U. S. Highway 283, and the other roads as described in the application, and that shortly after that date to the present time, the applicant has been operating motor buses under the temporary certificate. The Commission in granting the temporary certificate was of the opinion that an emergency existed at that time in that several thousand workmen were being employed to work on the construction of the building for the camp, and the existing operator over that highway and in that territory had not at that time put on any additional schedules or buses. The Commission finds from its records that on November 13, 1940, the Railroad Commission issued its order approving the lease of J. S. Folkner, DBA Brownwood Brady Bus Line to Bowen Motor Coaches, Common Carrier Motor Carrier Certificate No. 202, which authorizes the operation of a motor bus line between Brady and Brownwood, and which service is authorized over U. S. Highway 283 which passes immediately adjacent to the army camp. The Commission further finds from the evidence that since the approval of this lease that Bowen Motor Coaches has sent a great number of buses to operate in this territory, and that this company has made several preparations to serve the public in an efficient and satisfactory manner. The Commission further finds that Bowen Motor Coaches in securing the lease from Folkner succeeded to all of the rights of the Brownwood Brady Bus Line as an existing carrier over the highway, serving this camp and in this territory, and that Bowen Motor Coaches, as successor to the existing carrier under this lease, is entitled to every protection given an existing carrier under the Motor Bus Law from competition where the existing carrier is capable of rendering every service needed and demanded by the public; and the Commission further finds that J. S. Folkner is still the owner of this Motor Bus Certificate No. 202, and that he has operated it for a great number of years, and that Folkner, as owner of the Certificate, is entitled to every right, privilege and protection accorded him as an existing carrier under the Motor Bus laws of Texas. The Commission finds from the evidence that the operation by Bowen Motor Coaches would be permanent, and that the service rendered by this company would be the best; and

the Commission further finds that the applicants are inexperienced in the operation of motor bus lines, and the Commission would not have any way of determining the service to be rendered under this operation. The Commission is further of the opinion from the evidence in this case and from its records that the service rendered and capable of being rendered by Bowen Motor Coaches on U. S. Highway 283 and other roads leading from Brownwood to Camp Bowie is reasonably adequate, and that public convenience on the highways would not be promoted by the granting of said application and the operation of motor vehicles on the public highways therein designated. The Commission is further of the opinion that the highways are already subject to such use as would not permit of the use sought to be made by the applicant without unreasonably interfering with the use of such highways by the general public for highway purposes. The Commission is of the opinion that there is no occasion for the duplication of service on this highway between Brownwood and Camp Bowie; and the Commission is further of the opinion that there is no longer any occasion for the continuance for the operation under the temporary certificate by the applicant, inasmuch as the emergency has now ceased to exist and inasmuch as the existing carrier Bowen Motor Coaches can adequately serve between Brownwood and Camp Bowie. Accordingly, it is

"Ordered by the Railroad Commission of Texas that the application of Rudy Copeland, Trustee for a corporation to be formed by R. Copeland, A. D. Martin, E. McElvany and B. J. Gamon, Jr., and known as Army Post Bus Lines, for a certificate to operate a motor bus line from Brownwood to Camp Bowie over U. S. Highway 283, as more fully described in the application, be, and the same is hereby in all things Denied.

"It is further ordered that the emergency having ceased to exist that the Temporary Certificate heretofore granted be canceled as of the date of this order.

"Railroad Commission of Texas
"Ernest O. Thompson, Chairman
"Lon A. Smith, Commissioner
"Jerry Sadler, Commissioner.

"Attest:
"C. F. Petet, Secretary."